UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 3:22-CR-17 |
| V. | ) | |
| | ) | |
| SHAQUILLE DELANEY | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANT IDENTITY (DE 37)

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Kimberly L. Schultz, Assistant United States Attorney, and replies in opposition to defendant Shaquille Delaney's motion to disclose confidential source identity (DE 37).

In a criminal case, the government enjoys a limited privilege to withhold the identity of confidential informants. *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001), *citing Rovario v. United States*, 353 U.S. 53, 60. The reason that the privilege exists is to encourage citizens to cooperate with law enforcement and to divulge when crimes have occurred. *Id*. The government is not required to make a threshold showing that a source might face reprisal or retaliation if his or her identity is divulged. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).

The defendant bears the burden to demonstrate his need for the source identity "in the face of an assumption that the privilege should apply." *Id.* (internal citations omitted). To overcome the privilege, the defendant must show that the identity of the confidential informant is "relevant and helpful" or "essential to a fair determination of a cause." *Jefferson*, 252 F.3d at 941, *citing Rovario* 353 U.S. at 60-61. In determining whether the government should be compelled to disclose the identity of the source, the court "must balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *United States v. Harris*, 531 F.3d 507, 514, *citing Rovario* 353 U.S. at 62. With respect to transactional witnesses, a witness or participated in or witness criminal activity, *United States v. Mathis*, 2010WL1507881 (E.D. Wis. 2010), the defendant must make a particularized showing that learning the identity of the specific source "would have outweighed the government's interest in keeping his identity secret." *United States v. Wilburn*, 581 F.3d 618, 623 (7th Cir. 2009).

On June 22, 2022, attorneys for the government met with witnesses to prepare for the upcoming hearing. The government expects that witnesses to testify that they did not develop any confidential sources from the events of July 7, 2020. Instead, the witnesses will testify that any source used in the case was developed independently of the traffic stop and search of the Oak Street residence. The other civilian documented in reports to have been present

with Mr. Delaney on the July 7 traffic stop is *not* one of the confidential sources in this case, and that witness is *not* one of the people identified by the defendant in his most recent filing.[1]

If the Court determines that the defendant has met his burden to demonstrate why the identity of the confidential source or sources is not just material to his cause at this juncture, but also outweighs the government's interest in keeping the entity a secret, the government requests that measures be taken to avoid further dissemination of the identity such that witness cooperation would be chilled or reprisals might be taken against any government witness. The government suggests the following mechanisms for disclosure given that no trial date has been set. First, the government proposes that names of the source or sources can be provided to the Court in writing, under seal. Second, the Court may examine the witnesses in camera and require them to divulge the identity of the informant or informants outside of open court. *See e.g. Harris*, 531 F.3d at 516 (discussed that the district court would have been justified in holding an in camera hearing to preserve the CI's anonymity and also balance the needs to the defendant). As an alternative, if the government is compelled to divulge the identity of any source to defense counsel, the government respectfully requests that the Court order the

---

[1] The government has filed a separate motion to seal the defendant's filing of June 13, 2022.

information be turned over subject to a protective order to restrain the defendant from any further dissemination in public records, social media, in writing, or by any other means. Fed. R. Crim. P. 16(d).

WHEREFORE, the government requests that the Court deny the defendant's motion for disclosure.

Dated: June 23, 2022

Respectfully submitted,
CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

BY: /s/Kimberly Schultz
Kimberly Schultz
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel:   (219) 937-5500
Fax:   (219) 852-2770
E-mail: Kimberly.Schultz@usdoj.gov